UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

ELSA DEJESUS

    Plaintiff
vs.

NCL (Bahamas), Ltd., A Bermuda Company,
d/b/a NORWEGIAN CRUISE LINES, INC.

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, ELSA DEJESUS by and through undersigned counsel, and sues the Defendant, NCL (Bahamas), Ltd., d/b/a Norwegian Cruise Lines, Inc., and further state as follows:

### GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District of Florida pursuant to 28 U.S.C. 1332 and the forum selection clause of Plaintiff's passenger cruise ticket contract with Defendant. The cause of action is in excess of $75,000.00. There is true and complete diversity of citizenship. Plaintiff is a resident and citizen of the state of Pennsylvania. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent to bringing this action or such conditions do not apply to Plaintiff herein. Plaintiff is filing this lawsuit pursuant to an agreed extension of the statute of limitations to April 17, 2016.

3. Defendant NCL (Bahamas) Ltd., A Bermuda Company, d/b/a Norwegian Cruise Lines, Inc. is a foreign and/or Bahamian corporation, which is licensed to do

business in Florida as a cruise line. Defendant's base of operations is in Miami, Dade County, Florida making venue proper.

## COUNT ONE-NEGLIGENCE

4. Plaintiff reavers and realleges paragraphs One through Three as if set forth herein.

5. On or about January 17, 2015, Plaintiff was an adult fare paying passenger on Defendant's vessel NORWEGIAN EPIC. Defendant owned and/or operated the NORWEGIAN EPIC on the aforesaid date.

6. At all times material Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to properly maintain a passenger deck in a reasonably safe condition, and/or;

   b. Failing to warn passengers like Plaintiff of the dangers of walking on a passenger deck, and/or;

   c. Failing to train employees to look for spills and clean them promptly, and/or;

   d. Failing to safely and properly design and/or construct a passenger deck so as to have non-skid or non-slip properties when wet, and/or;

   e. Failing to safely and properly keep a passenger deck clean and dry, and/or;

   f. Failing to have a non-slip or non-skid walking surface on a passenger deck surface such as mats where it was foreseeable to become wet and slippery, and/or;

   g. Failing to have proper procedures for keeping a passenger deck clean and dry, such as having crew members whose only job would be patrolling the

area to watch for spills and then promptly cleaning the area and/or putting out warning signs.

8. As a result of the foregoing, the Plaintiff was seriously injured when she slipped and fell on a wet and slippery floor on the Spice H2O deck. Defendant had numerous employees in the immediate vicinity and knew or should have known the deck was wet where Plaintiff slipped and fell.

9. At all times material, the Defendant either created some or all of the dangerous conditions of which Plaintiff complains in Paragraph 7 a) through g) above and/or some or all of the dangerous conditions alleged in Paragraph 7 a) though g) existed for a sufficient period of time that Defendant had constructive knowledge of these dangerous conditions and/or Defendant had actual knowledge of some or all of the dangerous conditions hereinbefore alleged in paragraph seven a) through g) to have caused or contributed to causing Plaintiff's injury.

10. After Plaintiff slipped and fell, she observed water on the floor where she slipped. Passengers carry drinks and food up a set of steps to eat on the Spice H2O deck. On a moving platform like a cruise ship, it is foreseeable that passengers will spill some drinks on the deck. This incident occurred while the ship was at sea. In addition, passengers with wet bathing suits from the pool area also walk up these steps to the Spice H2O deck where Plaintiff slipped. These passengers drop water on the deck from wet bathing suits as well. Thus, it is foreseeable to Defendant that the area where Plaintiff slipped and fell would become wet and Defendant should have under the exercise of due case taken precautions by making the deck safe where Plaintiff slipped and fell.

11. Defendant through its new build department actively participated in the design and construction of the NORWEGIAN EPIC. Defendant has representatives at

the shipyard to participate in the selection of materials for the flooring on the steps, and knows from prior experience what types of surfaces are more or less suitable for passenger decks where food and liquids are spilled on the floor by passengers to minimize or eliminate slipping hazards such as the one the Plaintiff encountered herein.

12. Defendant, through its new-build department, had the absolute right to change, or modify the design and/or construction of the Spice H2O deck to accommodate the safety needs of its passengers.

13. In the alternative, Defendant is not required to have notice of the condition because Defendant engaged in and was guilty of negligent maintenance and/or engaged in negligent methods of operation as hereinbefore alleged in paragraph

14. At all times material, Plaintiff acted with due care for her own safety.

15. At all times material hereto, Defendant NCL (Bahamas) Ltd., was in direct control of the vessel where Plaintiff was injured.

16. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense, suffered physical handicap and a loss of the ability to enjoy life; suffered a loss of earning capacity, suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment of the cruise.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.  Plaintiff suffered injuries to her left hand and wrist, left knee, neck and back which resulted in a surgery, injections and months of physical therapy.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 19th Day of March, 2016.

>HOFFMAN LAW FIRM
>2881 East Oakland Park Boulevard
>Fort Lauderdale, FL 33306
>Telephone:  (954) 707-5040
>
>By:  *//s//Paul M. Hoffman*
>Paul M. Hoffman, Esq.
>Florida Bar No: 0279897